IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| THOMAS PHILLIP ENGLERT,<br><br>Plaintiffs,<br><br>vs.<br><br>BLAIR HOPKINS, MONTANA DEPARTMENT OF CORRECTIONS,<br><br>Defendants. | CV 19-00037-H-DLC-JTJ<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Thomas Englert has filed a motion to proceed in forma pauperis (Doc. 1) and a proposed Complaint alleging Defendants violated his right to due process by requiring him to take sex offender treatment (Doc. 2.)  The Complaint fails to state a claim upon which relief can be granted against a defendant who is not entitled to immunity and it should therefore be dismissed.

## I.  MOTION TO PROCEED IN FORMA PAUPERIS

Mr. Englert's Motion to Proceed in Forma Pauperis and account statement are sufficient to make the showing required by 28 U.S.C. §1915(a).  The request to proceed in forma pauperis will be granted.

Because he is incarcerated, Mr. Englert must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1).  Mr. Englert submitted an account statement

1

showing an inability to pay that fee; therefore, the initial partial filing fee is

waived, and he may proceed with the case.  *See Bruce v. Samuels*, 136 S.Ct 627,

629 (2016)("the initial partial filing fee may not be exacted if the prisoner has no

means to pay it, § 1915(b)(4)").  Mr. Englert will be required to pay the fee in

installments and make monthly payments of 20% of the preceding month's income

credited to his prison trust account.  The percentage is set by statute and cannot be

altered.  28 U.S.C. § 1915(b)(2).  Mr. Englert must make these monthly filing-fee

payments simultaneously with the payments required in any other cases he has

filed.  *Id.*  By separate order, the Court will direct the facility where Mr. Englert is

held to forward payments from Mr. Englert's account to the Clerk of Court each

time the account balance exceeds $10.00, until the filing fee is paid in full.  28

U.S.C. § 1915(b)(2).

## II.  STATEMENT OF THE CASE

### A.    Parties

Mr. Englert is a state prisoner proceeding without counsel.  He is currently

incarcerated at Montana State Prison.  He names the Blair Hopkins and the

Montana Department of Corrections as Defendants.  (Complaint, Doc. 2.)

### B.  Allegations

In June 1984, Mr. Englert was sentenced to life imprisonment in the

Montana State Prison without the possibility of parole.  In 1988, the Sentence Review Division amended his sentence to allow him to be eligible for parole after serving 45 years of his life sentence (less good time).  (Complaint, Doc. 2.).

Mr. Englert appeared before the Montana Board of Pardons and Parole on September 27, 2007 and the Board required that he complete sex offender treatment.  He reluctantly complied and completed SOP I on July 2, 2008.  He again appeared before the Board on November 25, 2015 and the Board recommended that he complete SOP II.  Mr. Englert contends he was not convicted of a sexual crime and therefore refused to complete SOP II.  He reappeared before the Board on November 14, 2018 and was again denied parole with a recommendation that he complete SOP II.  (Complaint, Doc. 2.)

For his relief, Mr. Englert seeks all attorney costs, all court costs, $25,000.00 for pain and suffering, and for the State of Montana to expunge all records of any sexual based behavioral modification recommendations or any mention of his crime being sexual in nature.  (Complaint, Doc. 2.)

## III.  INITIAL SCREENING

### A.  Standard

Mr. Englert is a prisoner proceeding in forma pauperis so the Court must review his Complaint under 28 U.S.C. § 1915 and § 1915A.  Sections 1915A(b)

3

and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  "A case is malicious if it was filed with the intention or desire to harm another."  *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).  A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  That is, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  A complaint's allegations must cross "the line from conceivable to plausible."  *Iqbal*, 556 U.S. at 680.

There is a two-step procedure to determine whether a complaint's allegations cross that line.  *See Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. 662.

First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 679, 681. A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability. *Id.* at 678.

Second, the Court must determine whether the complaint states a "plausible" claim for relief. *Iqbal*, 556 U.S. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Id.* (*citing* Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards

than formal pleadings drafted by lawyers.'"  *Erickson v. Pardu*, 551 U.S. 89, 94

(2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do

justice").

### B.  Analysis

Mr. Englert's claims against the Montana Department of Corrections are

barred by the Eleventh Amendment.  The Eleventh Amendment bars suit in federal

court against a state or state agencies absent a valid abrogation of immunity by

Congress or an express waiver of immunity by the State.  *Idaho v. Coeur d'Alene*

*Tribe of Idaho*, 521 U.S. 261, 267–268 (1997); *Edelman v. Jordan*, 415 U.S. 651,

653 (1974); *Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, 506

U.S. 139, 144 (1993). The State of Montana has waived immunity only for tort

claims brought in state court.  Mont. Code Ann. § 2-9-101 et seq.  Thus, the State

of Montana and its agencies have Eleventh Amendment immunity from suit in

federal court.  In addition, states are not "persons" subject to suit for money

damages under section 1983.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58,

65, 71 (1989).  Therefore, Mr. Englert's claims against the Montana Department of

Corrections itself cannot proceed.

The Eleventh Amendment also bars claims for monetary damages against

state officials acting in their official capacities.  *See Pennhurst State School &*

6

*Hosp. v. Halderman*, 465 U.S. 89, 101–03 (1984) ("The Eleventh Amendment bars a suit against state officials when 'the state is the real, substantial party in interests.' ") (internal citations omitted); *Flint v. Dennison*, 488 F.3d 816, 824–25 (9th Cir. 2007).

The Eleventh Amendment does not, however, bar federal suits against state officials sued in their official capacities for injunctive relief. *See Board of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 374 n.9 (2001). But such an action would be futile. According to Mr. Englert, it is the parole board who has recommended that he attend SOP II. Parole board officials are entitled to absolute quasi-judicial immunity "for decisions 'to grant, deny, or revoke parole' because these tasks are 'functionally comparable' to tasks performed by judges." *Swift v. California*, 384 F.3d 1184, 1189 (9th Cir. 2004) (*quoting Sellars v. Procunier*, 641 F.2d 1295, 1303 (9th Cir. 1981)).

The Ninth Circuit has clarified the state of the law regarding assertions of entitlement to absolute immunity for parole board members. In *Swift v. California*, 384 F.3d 1184 (9th Cir.2004), the Court explained:

> The Supreme Court has reserved deciding whether members of state parole boards have absolute quasi-judicial immunity for their official actions. *Martinez v. California*, 444 U.S. 277, 285 n. 11, 100 S.Ct. 553, 62 L.Ed.2d 481 (1980). We have held, however, that parole board members are entitled to absolute immunity when they perform

7

> "quasi-judicial" functions. *Anderson [v. Boyd]*, 714 F.2d 906,
> 909–10 (9th Cir.1983). Thus, parole board officials of the BPT are
> entitled to absolute quasi-judicial immunity for decisions "to grant,
> deny, or revoke parole" because these tasks are "functionally
> comparable" to tasks performed by judges. *Sellars*, 641 F.2d at 1303;
> *Bermudez v. Duenas*, 936 F.2d 1064, 1066 (9th Cir.1991) (holding
> *Sellars* immunity encompasses actions "taken when processing parole
> applications"). Absolute immunity has also been extended to parole
> officials for the "imposition of parole conditions" and the "execution
> of parole revocation procedures," tasks integrally related to an
> official's decision to grant or revoke parole. *Anderson*, 714 F.2d at
> 909.

*Id*. at 1188–1189. As such, Parole Board members would be entitled to immunity

for any decision to require Mr. Englert to take SOP II treatment.

Although Mr. Englert names Blair Hopkins and the Montana Department of

Corrections as Defendants, he admits it was the Parole Board's decision to require

SOP II. Under Montana law, the Parole Board operates independently and without

approval or control of the Montana Department of Corrections and is designated

as a quasi-judicial board. Mont. Code Ann. § 2-15-2305(6) ("The board is

allocated to the department of corrections for administrative purposes only."); § 2-

15-2305(7) ("The board is designated as a quasi-judicial board). Mr. Hopkins and

the Montana Department of Corrections cannot be held liable for the decisions of

the Parole Board.

Mr. Englert's Complaint should be dismissed.

Based on the foregoing, the Court issues the following:

<strong>ORDER</strong>

1.  Mr. Englert's Motion to Proceed in Forma Pauperis (Doc. 1) is GRANTED.

2.  The Clerk shall remove the word "LODGED" from the docket entry for the Complaint.  (Doc. 1).  The Complaint is deemed filed June 3, 2019.

3.  At all times during the pendency of this action, Mr. Englert shall immediately advise the Court of any change of address and its effective date. Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

Further, the Court issues the following:

<strong>RECOMMENDATIONS</strong>

1.  This matter should be DISMISSED.

2.  The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.  The record makes plain the instant Complaint is frivolous as it lacks arguable

9

substance in law or fact.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Englert may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 16th day of July, 2019.


    /s/ John Johnston
John Johnston
United States Magistrate Judge

---

[1]Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Mr. Englert is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

10