FILED

SEP 27 2019

Clerk, U S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| THOMAS PHILLIP ENGLERT<br><br>Plaintiff,<br><br>vs.<br><br>BLAIR HOPKINS, MONTANA DEPARTMENT OF CORRECTIONS,<br><br>Defendants. | CV 19–00037–H–DLC–JTJ<br><br>ORDER |

United States Magistrate Judge John T. Johnston entered his Order and Findings and Recommendation on July 16, 2019, recommending that the Court dismiss Plaintiff Thomas Phillip Englert's Complaint filed under 42 U.S.C. § 1983. (Doc. 4 at 9.) Englert timely objects, and so is entitled to de novo review of those findings to which he specifically objects. 28 U.S.C. § 636(b)(1). This Court reviews for clear error those findings to which no party objects. *Thomas v. Arn*, 474 U.S. 140, 14–53 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been made." *Wash. Mut., Inc. v. United States*, 856 F.3d 711, 721 (9th Cir. 2017) (citation omitted).

Because Montana and its agencies have immunity from suit in Federal Court under the Eleventh Amendment, Judge Johnston recognized that Englert's claims

-1-

against the Montana Department of Corrections cannot proceed. (Doc. 4 at 6.) Since claims for monetary damages against state officials acting in their official capacity are barred, Judge Johnston determined that Englert's claims against Hopkins seeking monetary compensation are barred. (Doc. 4 at 6–7.) Because Englert admits that it was the parole board—not the named Defendants—who made the decision at issue in his Complaint (Doc. 2 at 4–5), Judge Johnston recommends the dismissal of Englert's claims against Hopkins. (Doc. 4 at 7.) Englert does not specifically object to these findings.

Instead, Englert asserts Judge Johnston misunderstood his claims due to "issues with the filed Complaint" and asks the Court for permission to amend his Complaint to correct these deficiencies. (Doc. 6 at 1.) While the Court agrees with Judge Johnston's legal analysis of the claims against the Department of Corrections and Blair Hopkins, it is cognizant of the importance of liberally construing a document filed *pro se* and holding such pleadings to less stringent standards than those prepared by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Therefore, the Court will allow Englert the opportunity to correct the issues he has identified. The Court dismisses the claims against Defendants Hopkins and the Department of Corrections and will grant Englert's request to amend.

This Court will grant Englert an additional 30 days to amend his Complaint

to remedy the defects he referred to in his objection. (Doc. 6 at 1.) If Englert fails to timely file an amended complaint, the Court will adopt the recommendation to dismiss the Complaint and certify that an appeal would not be made in good faith. Accordingly, IT IS ORDERED that:

(1) Judge Johnston's Findings and Recommendation (Doc. 4), is ADOPTED in part and MODIFIED in part;

(2) Defendants Hopkins and the Montana Department of Corrections are DISMISSED;

(3) Englert may file an amended complaint on or before October 28, 2019; and

(4) Failure to file an amended complaint on or before October 28 will result in dismissal of this action with prejudice and a certification that any appeal from the dismissal would not be taken in good faith.

(5) This matter is referred back to the magistrate judge.

DATED this 27th day of September, 2019.

_____
Dana L. Christensen, Chief Judge
United States District Court