IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| THOMAS PHILLIP ENGLERT,<br><br>Plaintiffs,<br><br>vs.<br><br>BLAIR HOPKINS, MONTANA DEPARTMENT OF CORRECTIONS,<br><br>Defendants. | CV 19-00037-H-DLC-JTJ<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Thomas Englert filed a Complaint on June 3, 2019 alleging that Defendants violated his right to due process by requiring him to take sex offender treatment (Doc. 2.) On July 16, 2019, this Court issued Findings and Recommendations finding that it was the Parole Board who required Mr. Englert to attend SOP II and Parole Board officials are entitled to absolute quasi-judicial immunity. *Swift v. California*, 384 F.3d 1184, 1189 (9th Cir. 2004); *see also Anderson v. Boyd*, 714 F.2d 906, 909 (9th Cir. 1983) (parole officials entitled to absolute immunity for the "imposition of parole conditions" and the "execution of parole revocation procedures," tasks integrally related to an official's decision to grant or revoke parole.) Although Mr. Englert named Blair Hopkins and the Montana Department of Corrections as Defendants, it was the Parole Board's decision to require SOP II and Montana law the Parole Board operates

1

independently and without approval or control of the Montana Department of Corrections and is designated as a quasi-judicial board.  Mont. Code Ann. § 2-15-2305(6) ("The board is allocated to the department of corrections for administrative purposes only."); § 2-15-2305(7) ("The board is designated as a quasi-judicial board).  Therefore, the Court recommended that the Complaint be dismissed for failure to state a claim upon which relief could be granted against a defendant who was not entitled to immunity.  (Doc. 4.)

Mr. Englert filed an objection to the Findings and Recommendations indicating that this Court misunderstood his claims and asked for permission to amend the Complaint.  (Doc. 6.)  Judge Christensen adopted the Findings and Recommendations and dismissed the claims against Defendants Hopkins and the Department of Corrections but also granted Mr. Englert leave to amend his Complaint.  (Doc. 7.)

On November 25, 2019, Mr. Englert filed an Amended Brief naming Blair Hopkins and the Montana Parole Commission as Defendants.  He argues these Defendants placed him in a position where he was unable to meet the parole conditions placed on him.

### A. Statute of Limitations

He first contends that Defendants are responsible for the administrative decision which denied Mr. Englert entry into SOP group in September 2006.  The

statute of limitations, however, bars the litigation of any claims arising in 2006. In *Wilson v. Garcia*, 471 U.S. 261 (1985), the Supreme Court determined that the state statute of limitations governing personal injury actions for claims filed pursuant to 42 U.S.C. § 1983. In Montana, that period is three years after the action accrues. Mont. Code Ann. § 27-2-204(1). Mr. Englert signed his original Complaint on May 20, 2019; therefore, the applicable statute of limitations bars any claims arising before May 20, 2016 (including paragraphs 3 and 4 of the amended brief). The Court should dismiss Mr. Englert's claims arising before May 20, 2016.

The remainder of Mr. Englert's claims are barred by the *Rooker-Feldman* doctrine and issue preclusion. Mr. Englert filed a petition for a writ of habeas corpus in the Montana Supreme Court on January 14, 2019 arguing that the Board of Pardons and Parole violated his right to due process of law when it denied his parole because Mr. Englert has not completed sexual offender program (SOP) II treatment—a Board-imposed condition for parole. He contended that he should not be required to admit a crime for which he is innocent. *Englert v. Guyer,* OP 19-0041 (February 12, 2019).

## B. *Rooker-Feldman*

Federal district courts may not exercise appellate jurisdiction over state court decisions. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482–

86 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923); *see also Bennett v. Yoshina*, 140 F.3d 1218, 1223 (9th Cir. 1998) (as amended). Only the United States Supreme Court may conduct review of state court decisions. *Feldman*, 460 U.S. at 476, 486; *Rooker*, 263 U.S. at 416; *see also* 28 U.S.C. § 1257.

"Under *Rooker–Feldman*, lower federal courts are without subject matter jurisdiction to review state court decisions, and state court litigants may therefore only obtain federal review by filing a petition for a writ of certiorari in the Supreme Court of the United States." *Mothershed v. Justices of Supreme Ct.*, 410 F.3d 602, 606 (9th Cir. 2005) (as amended). "To determine whether the *Rooker–Feldman* bar is applicable, a district court first must determine whether the action contains a forbidden de facto appeal of a state court decision." *Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013). "A de facto appeal exists when 'a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision.'" *Id*. (*quoting Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003)). If the action contains a de facto appeal, a district court is barred from deciding not only the issues decided by the state court but also any other issues that are "inextricably intertwined" with the state court's decision. *Id.*; *Noel*, 341 F.3d at 1157; *see Feldman*, 460 U.S. at 486–87.

*Rooker–Feldman* applies even when the challenge to the state court's actions involves federal constitutional issues. *Feldman*, 460 U.S. at 484–86; *Dubinka v. Judges of Superior Court*, 23 F.3d 218, 221 (9th Cir. 1994).

Although not specifically presented as an appeal of the Montana Supreme Court's decisions, Mr. Englert raises the same issues and seeks a different result. This Court does not have subject matter jurisdiction to do so.

**C. Issue Preclusion**

Further, issue preclusion bars Mr. Englert's claims. In *Montana v. United States*, 440 U.S. 147 (1979), the United States Supreme Court explained that issue preclusion dictates that a "right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction cannot be disputed in a subsequent suit between the same parties or their privies." *Id*. at 153 (internal quotation marks and alterations omitted). For issue preclusion to apply, four conditions must be met: "(1) the issue at stake was identical in both proceedings; (2) the issue was actually litigated and decided in the prior proceedings; (3) there was a full and fair opportunity to litigate the issue; and (4) the issue was necessary to decide the merits." *Janjua v. Neufeld*, 933 F.3d 1061, 1065 (9th Cir. 2019) (quotation marks omitted); *see also Howard v. City of Coos Bay*, 871 F.3d 1032, 1041 (9th Cir. 2017) (outlining requirements of issue preclusion).

Here, the issues fully litigated in the Montana Supreme Court are identical to

the issues raised herein—whether Mr. Englert should be required to attend SOP II and be required to admit criminal conduct from 1983 to which he did not plead guilty. Mr. Englert had a full and fair opportunity to litigate this issue in his two habeas petitions filed in the Montana Supreme Court and the issue was necessary to decide the merits of those cases. *See Englert v. Guyer,* No. OP 19-0041 (Mont. Feb. 13, 2019); *Englert v. Salmonsen*, No. OP 18-0438, Order at 2 (Mont. Aug. 7, 2018). Mr. Englert's claims are barred by issue preclusion.

### D.  Procedural Due Process

Further, even if Mr. Englert could overcome the *Rooker-Feldman* doctrine and issue preclusion, his only potential claim would be a procedural due process claim. *Kirby v. Siegelman*, 195 F.3d 1285, 1291 (11th Cir. 1999) (per curiam) (holding that prisoner who was not convicted of a sex offense is entitled to procedural due process before state declares him sex offender and requires him to undergo sex offender treatment in prison that involves admitting to past sexual misconduct as a precondition of parole eligibility). Mr. Englert has been provided a plethora of due process on this issue through the parole board and his two proceedings before the Montana Supreme Court. *See Englert v. Guyer,* No. OP 19-0041 (Mont. Feb. 13, 2019); *Englert v. Salmonsen*, No. OP 18-0438, Order at 2 (Mont. Aug. 7, 2018).

Mr. Englert has failed to state a federal claim for relief. Accordingly, the

Court issues the following:

## RECOMMENDATIONS

1. This matter should be DISMISSED.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Englert may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed

---

[1] Mr. Englert shall have an additional three days after this period would otherwise expire.

until entry of the District Court's final judgment.

DATED this 6th day of March, 2020.


          */s/ John Johnston*
          John Johnston
          United States Magistrate Judge