IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| THOMAS PHILLIP ENGLERT,<br><br>Plaintiff,<br><br>vs.<br><br>BLAIR HOPKINS, MONTANA DEPARTMENT OF CORRECTIONS,<br><br>Defendants. | CV 19–37–H–DLC–JTJ<br><br><br><br>ORDER |

On March 6, 2020, United States Magistrate Judge John Johnston entered his Findings and Recommendations recommending that Plaintiff Thomas Phillip Englert's Amended Complaint be dismissed for failure to state a claim. (Doc. 11.) Englert does not object.

A party is only entitled to de novo review of those findings to which he or she specifically objects. 28 U.S.C. § 636(b)(1)(C). This Court reviews for clear error those findings to which no party objects. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

Judge Johnston determined that Englert's Amended Complaint should be dismissed as barred by the statute of limitations, the *Rooker-Feldman* doctrine, and issue preclusion. (*Id.*) In the alternative, Judge Johnson found that any procedural due process claim failed on its merits as Englert was afforded a "plethora of due process." (Doc. 11 at 6.)

This is Englert's second attempt at a successful complaint. After the Court determined that his initial Complaint against the Montana parole board failed due to the board's quasi-judicial immunity, Englert amended his Complaint to assert that Blaire Hopkins and the board placed him in a position where he was unable to meet his required parole conditions when they required that he complete sex offender treatment. (*Id.* at 2.)

The Court finds no clear error in Judge Johnston's determinations. Englert's claims that involve allegations that he was not admitted into sex offender treatment in 2006 are barred by the three-year statute of limitations applicable here. Mont. Code Ann. § 27-2-204(1); *Wilson v. Garcia*, 471 U.S. 261 (1985). Englert's remaining claims are barred by the *Rooker-Feldman* doctrine and issue preclusion because he has unsuccessfully litigated the same issues in two prior state habeas petitions. *Englert v. Guyer*, No. OP 19-0041, 2019 WL 579028 (Mont. Feb. 12, 2019); *Englert v. Salmonsen*, No. OP 18-0438, 2018 WL 3748423 (Mont. Aug. 7, 2018). Therefore, Englert's Amended Complaint will be dismissed.

IT IS ORDERED that Judge Johnston's Findings and Recommendations (Doc. 11) is ADOPTED in full.

1. This matter is DISMISSED.

2. The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

DATED this 22nd day of April, 2020.

_____
Dana L. Christensen, District Judge
United States District Court